UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MISC. CASE NO._____

HNC STORES, CORP., and HNC STORE PLA CORP.,

    Plaintiffs,

v.

VF CORPORATION, VF SPORTSWEAR, INC.,
KIPLING APPAREL CORP., INC., JULIE
DIMPERIO, MATTHEW PUCKETT, DAVID
HALL, DIEGO ORTIZ, BAKER AND RANELLS, P.A.
AND STEPHEN BAKER

    Defendants.

_____/

## MOTION FOR ORDER PARTIALLY QUASHING SUBPOENA TO NON-PARTY ERIC ALLEN BERGER AND INCORPORATED MEMORANDUM OF LAW

Non-Party Eric Allen Berger, individually and as authorized representative of One Stop Shop Merchandising, Inc., A Action Investigation and Security, Inc. and Eric A. Berger & Associates, pursuant to Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules, hereby moves to partially quash the subpoena served upon him in this District in connection with a matter pending in the United States District Court for the Southern District of New York. The materials sought in the subpoena are privileged and protected under the Florida statutes, and Plaintiffs are not entitled to the information sought in the subpoena.

### Introduction

Non-Party Eric Berger is a licensed Florida investigator (C0001959) and his company, A Action Investigations & Security, Inc., has been a licensed Florida investigative agency since 1985. *See* Exhibit 1 (Private Investigative Agency License). In that capacity, his company, A

Higer Lichter & Givner

Action Investigation and Security, was hired by the New Jersey law firm Baker & Rannels, P.A. in July 2012 to conduct an investigation in connection with certain trademark matters for Baker & Rannels' client, Defendant Kipling Apparel Corp., a division of Defendants V.F. Corporation and VF Sportswear, Inc. Mr. Berger conducted the investigation and, in the course of doing so, compiled certain documents, reports and files.

An action with the same caption listed above is pending in the Southern District of New York, Case No. 12 CIV 06859 (RPP), along with a related AAA Arbitration, *Kipling Apparel Corp. and VF Sportswear, Inc. v. HNC Stores Corp. and HNC Retail PLA Corp.*, AAA Case No. 13 130Y 01937 12. The parties in both actions agreed that discovery could be served through the New York federal action. As a result, Plaintiffs served Mr. Berger with the subpoena that is attached as Exhibit B hereto on April 3, 2013.

The subpoena is for Mr. Berger's deposition and also seeks the production of documents set forth on Exhibit 2. Exhibit 2 contains 32 separate requests, all of which relate (to the extent Mr. Berger has the documents) to Mr. Berger's investigative file.

### Memorandum of Law

Rule 45(c)(3)(A)(iii) provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter. . . ." In this instance, Plaintiffs have subpoenaed the contents of Mr. Berger's investigative files. Those files, however are privileged under the Florida statutes. Section 493.6119 of the Florida statutes provides:

> **403.6119 Divulging investigative information; false reports prohibited**
>
> (1) . . . . no licensee, or any employee of a licensee or licensed [investigative] agency shall divulge or release to anyone other than her or his client or employer the contents of an investigative file acquired in the course of licensed investigative activity.

*See Lake Shore Radiator, Inc. v. Radiator Express Warehouse*, 2007 WL 842989 at *7 (M.D.

Fla. 2007) (statute prohibits licensed investigator from disclosing contents of his investigative file to anyone other than his client or employer). In fact, should Mr. Berger or his company make a disclosure in violation of this section, he would be committing a first degree misdemeanor. Fla. Stat. § 493.6120(1).

As a result, while Mr. Berger is willing to appear and give testimony pursuant to the deposition subpoena, the Florida Statutes prohibit his disclosure of his investigative files, at least not without his client's consent. As of this writing, Mr. Berger has not been able to obtain client consent for the disclosure of these files.

**WHEREFORE**, Non-Party Eric Berger respectfully requests this Court to partially quash the subpoena served upon him, such that he need not produce any documents in response to the subpoena.

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 7.1(a)(3), the undersigned certifies that on April 17, 2013, he conferred with counsel issuing the subpoena, Gary P. Lightman, who stated that he believed the Motion was unnecessary.

Dated: April 17, 2013

                                              Respectfully submitted,

                                              s/ David H. Lichter
                                              David H. Lichter (FBN: 0359122)
                                              DLichter@HLGLawyers.com
                                              HIGER LICHTER & GIVNER
                                              18305 Biscayne Blvd., Suite 302
                                              Aventura, FL 33160
                                              Tel: (305) 356-7555
                                              Fax: (305) 933-0998
                                              *Counsel for Non-Party Eric Berger*

## CERTIFICATE OF SERVICE

3

Higer Lichter & Givner

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 17, 2013, I electronically filed with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served on all counsel of record identified on the attached service list in the manner specified, either via transmissions of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel who are not authorized to receive Notices of Electronic Filing.

/s/David H. Lichter

## SERVICE LIST

Lightman & Manachi
Gary P. Lightman, Esq.
1520 Locust Street, 12th Floor
Philadelphia, PA 19102
Telephone: 215-545-3000
Email: garylightman@lightmanlaw.com